UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO SANTANA VARGAS<br><br>PLAINTIFF<br><br>v.<br><br>SANTANDER FINANCIAL SERVICES, INC. (FORMERLY KNOWN AS CREFISA, INC.); BANCO SANTANDER PUERTO RICO; JOHN DOE; JANE ROE, INSURANCE COMPANIES A, B, AND C<br><br>DEFENDANTS | CIVIL NO.: 15-1521<br><br>AGE DISCRIMINATION; WRONGFUL DISCHARGE; DAMAGES<br><br>FEDERAL QUESTION JURISDICTION<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT AND JURY TRIAL DEMAND

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Antonio Santana Vargas, through the undersigned attorneys, and very respectfully STATES, ALLEGES and PRAYS as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for discrimination on the basis of age, as well as for wrongful discharge, and damages brought pursuant to the following statutes: the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; Puerto Rico Law 100 of June 30, 1959 ("Law 100"), P.R. Laws Ann. tit. 29, § 146 *et seq.*; Puerto Rico Law 80 of May 30, 1976 ("Law 80"), P.R. Laws Ann. tit. 29, § 185a *et seq.*; Articles 1802 and 1803 of the Puerto Rico Civil

Code, P.R. Laws Ann. tit. 31, §§ 5141, 5142; and Sections 1, 8 and 16 of the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico. Plaintiff seeks reinstatement on the job, the mandatory indemnity under Law 80, equitable and injunctive relief, compensatory, economic, and emotional damages, back pay, double and punitive damages, prejudgment interests, costs, and reasonable attorneys' fees.

2. This Honorable Court is vested with jurisdiction to entertain the instant cause of action pursuant to 28 U.S.C. §§ 1331 and 1343(4). Supplemental jurisdiction is also invoked by the Plaintiff pursuant to 28 U.S.C. § 1367 to hear the Puerto Rico law claims because they are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Supplemental Jurisdiction is specifically invoked for this Court to hear and decide pendent claims arising under Puerto Rico Laws 100 and 80, under Article 1802 and 1803 of the Puerto Rico Civil Code, under the Puerto Rico Constitution, and under any other applicable laws of the Commonwealth of Puerto Rico.

3. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b)(1) and (2), since the unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the District of Puerto Rico.

*Antonio Santana Vargas v. Santander Financial Services, Inc.*
*Complaint and Jury Trial Demand*

___

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On September 19, 2014, Plaintiff filed an administrative charge before the Anti-Discrimination Unit of the Puerto Rico Department of Labor and Human Resources and before the Equal Employment Opportunity Commission ("EEOC") against the Defendants.

5. On February 3, 2015, the EEOC issued a Notice of Right to Sue. [*See* **Exhibit I**]. Such Notice was received by the Plaintiff on February 11, 2015. Therefore, the instant Complaint is timely filed within the 90-day statutory period from the date of receipt of the EEOC's Notice of Right to Sue by the Plaintiff.

## THE PARTIES

6. Plaintiff is a resident of Vega Baja, Puerto Rico, is fifty (50) years old, and was employed by the Defendants during all relevant times to this action.

7. Defendant Santander Financial Services, Inc. (formerly known as Crefisa, Inc.), is upon information and belief a corporation for profit created under the laws of Puerto Rico and with its principal place of business located in San Juan, Puerto Rico. At all relevant times, Santander Financial Services, Inc. has continuously been an "employer" within the meaning of the statutes invoked herein, and has continuously had at least twenty employees. Santander Financial Services, Inc. is liable and responsible for the damages and personal injuries caused to the Plaintiff as a result of the unlawful employment

practices, statutory violations and negligent acts and omissions claimed in the instant Complaint.

8. Defendant Banco Santander Puerto Rico, is upon information and belief a corporation for profit created under the laws of Puerto Rico and with its principal place of business located in San Juan, Puerto Rico. At all relevant times, Banco Santander Puerto Rico has continuously been an "employer" within the meaning of the statutes invoked herein, and has continuously had at least twenty employees. Banco Santander Puerto Rico is liable and responsible for the damages and personal injuries caused to the Plaintiff as a result of the unlawful employment practices, statutory violations and negligent acts and omissions claimed in the instant Complaint.

9. Defendants John Doe and Jane Roe are natural persons or entities authorized to do business in Puerto Rico, who may be jointly liable and responsible to the Plaintiff for all of the unlawful employment practices, statutory violations and negligent acts and omissions claimed in the instant Complaint. At this time, the identity of such persons and/or entities is unknown, and thus, they will be properly identified after such information is obtained through discovery proceedings of this case.

10. Defendants A, B, and C are insurance companies that have issued insurance policies to cover the liability for the unlawful employment practices, statutory violations and negligent acts and omissions claimed in the instant Complaint.

At this time, the identity of such companies is unknown and, thus, they will be properly identified after such information is obtained through discovery proceedings of this case.

11. All of the Defendants mentioned herein will be jointly and collectively referred in this Complaint as the "Defendants," or "Santander".

## FACTS

12. Plaintiff began working for Island Finance as a collection agent ("gestor de cobros") on July 30, 1986 contacting debtors on behalf of the Company.

13. On or around the first quarter of 2006, Santander acquired Island Finance. Upon the transfer of the going concern, Santander became a successor employer of Island Finance since it acquired an already existing operation and continued, without interruption or substantial change, the same business operation of the previous employer.

14. During Plaintiff's tenure at Island Finance he occupied and was promoted to the following positions: Collection Agent II; Assistant Branch Manager; and Branch Manager. Plaintiff remained a Branch Manager until his employment termination.

15. During approximately the last fourteen (14) years and up to his wrongful and discriminatory dismissal, Plaintiff held the position of Branch Manager.

16. At the time of Plaintiff's wrongful termination, he was the Manager of the Island Finance branch located in the municipality of Utuado.

17. During a workshop for managers that was held at Banco Santander offices in Hato Rey on May 14 and 15, 2013, Mr. Fredy Molfino, Island Finance's President, told the Plaintiff that he wanted to meet with him and scheduled a meeting with Plaintiff for May 16, 2013.

18. To Plaintiff's surprise, inexplicably, during that meeting, Mr. Fredy Molfino asked him on five (5) separate occasions to submit his voluntary resignation from his employment position.

19. In exchange for Plaintiff's resignation, Mr. Fredy Molfino said that he would consider offering the Plaintiff a new job position as an auditor. Said position had not been created at that time and, thus, was inexistent.

20. Plaintiff asked Mr. Fredy Molfino for more information of said auditor position and requested a job description of the same. However, Mr. Fredy Molfino said that since such position had not been even created there was no job description for the same and that he could not give the Plaintiff any additional information other than it would not represent a promotion.

21. The only reason that Mr. Fredy Molfino offered Plaintiff for said request to submit his resignation was that the Defendants' Executive Committee allegedly "did not see the Plaintiff with good eyes" ("que no me veían con buenos ojos"), and that therefore he had to resign.

22. On May 22, 2013 Plaintiff spoke with Marilyn Guzmán from the Human Resources Department and expressly told her that he would not voluntarily

resign from his employment position as Branch Manager. Plaintiff also told her that he felt very uncomfortable with the request of Mr. Fredy Molfino demanding his employment resignation.

23. On June 5, 2013, Ms. Jeanette Villamil, General Director, called the Plaintiff to request him again to resign. She called the Plaintiff again on June 6, 2013 to inquire about his decision of resigning from his job. The Plaintiff repeated to her that his decision was not to resign.

24. At that moment, Ms. Jeanette Villamil said in a threatening and intimidating way that if the Plaintiff didn't make the numbers of his branch Santander would terminate his employment. Plaintiff's response was that he would be working hard to reach the production numbers.

25. Shortly after Plaintiff said that he would not resign from his job position, Santander hired a female and younger Assistant Manager for the Utuado branch.

26. Plaintiff's decision of not quitting his job, as he had been expressly and repeatedly required by his supervisors, turned his day-to-day work into a very hostile work environment.

27. Shortly after Plaintiff's decision of not resigning, his supervisors started to give him disciplinary memorandums concerning his performance, without giving adequate opportunity to show improvement.

28. In addition, Defendants intentionally placed obstacles in his job to prevent that he could increase the branch numbers and revenues. This was done with the specific intention of setting him for failure and getting rid of him.

29. Prior to 2014, the Plaintiff was never given any written discipline nor was he submitted to a performance improvement plan throughout his years of employment at Island Finance.

30. Plaintiff performed his duties satisfactorily throughout his years of employment with Defendants.

31. After refusing to quit his job, on April 4, 2014 Plaintiff was given a memorandum wherein the Defendants advised him that he had a period of <u>six (6) months</u> to improve his branch's results. As such, Plaintiff had until approximately October 4, 2014 to improve his branch's results.

32. Although said memorandum stated that the Defendants would assist the Plaintiff giving to him some seminars, workshops, and would take other actions to help him improve his branch's results, that never happened.

33. Quite to the contrary, the Defendants did not provide the Plaintiff with any kind of support whatsoever. On the contrary, the Defendants took away from the Plaintiff some key employees from his branch and denied him other tools that he specifically requested to ensure that he could reach the production numbers.

34. It was clear to the Plaintiff that the Defendants had the intention of getting rid of him and were setting him up for failure. Such intention was evident not only because of Defendant's actions, but also because the Plaintiff had been expressly asked to resign several times.

35. On April 4, 2014 Plaintiff met with Ms. Virgen Mejías, Assistant Vicepresident, and explained to her that in order to improve the branch's results he would need to make personnel changes because some employees were not performing as expected. In this regard, Ms. Lucy Torres had been transferred to the Utuado branch in retaliation against her, as the Plaintiff was informed, after she took a leave of absence under the Corporation of the State Insurance Fund.

36. Ms. Virgen Mejías specifically told the Plaintiff that Ms. Lucy Torres, who had a very poor performance, could not be assigned to another branch or to her original branch, because she was at Utuado as a punishment for having reported to the State Insurance Fund.

37. Plaintiff also stated to Ms. Virgen Mejías that she had transferred Ms. Brenda Marengo to the collections department of another branch without his consent, even though said employee had an excellent performance in the collections department of his branch.

38. The Plaintiff specifically requested at that time, and on several occasions, that Ms. Brenda Marengo be reassigned back to the collections department of his branch once again, but Ms. Virgen Mejías said that it was not possible.

39. Even though Ms. Virgen Mejías told the Plaintiff that Ms. Brenda Marengo would be changed from the collections department of his branch to the sales department of another branch, when she was unilaterally taken away from Plaintiff's branch, the truth is that Ms. Virgen Mejías transferred Ms. Marengo to the collections department at the Arecibo branch; not the sales department. Therefore, it was evident that her allegation to transfer Ms. Brenda Marengo out of Plaintiff's branch was false, since the only purpose and intention of such move from one branch to another, was to take away one of Plaintiff's best employees in the collections department to set him up for failure with the production numbers of his branch.

40. In addition, Ms. Virgen Mejías, Plaintiff's direct supervisor, did not provide him with any kind of support to increase the branch production numbers.

41. On April 28, 2014 the Defendants gave Plaintiff a second disciplinary memorandum. Again, Plaintiff spoke with Ms. Virgen Mejías and explained to her, to no avail, what was needed to be done in order to improve the branch's results. However, none of the changes that the Plaintiff proposed were accepted nor adopted.

*Antonio Santana Vargas v. Santander Financial Services, Inc.*
*Complaint and Jury Trial Demand*

---

42. Defendants delivered a third memorandum on June 2, 2014. As the Plaintiff had done before, he spoke once again with his direct supervisor, Ms. Virgen Mejías, and reiterated his previous requests for resources, as well as others requests, to be able to meet the collections and production numbers at his branch.

43. On June 5, 2014 Plaintiff met with Ms. Virgen Mejías and Mr. Martín Pagani (the new Commercial Director), and explained to them the personnel problems that the Utuado branch was having. The Plaintiff also reiterated that Ms. Lucy Torres had to be transferred back to her original branch. Their response was that if they transferred Ms. Lucy Torres back to Plaintiff's branch they would also transfer another of his employees, Ms. Joely Rosado. Their response showed the Plaintiff once again that Santander's management had no intention of assisting or providing him the required resources to improve the branch's numbers, but rather wanted to set him up for failure in order to replace him in his job position with a younger employee.

44. On June 30, 2014 Santander gave the Plaintiff a fourth disciplinary memorandum. Yet again, Plaintiff expressed to Ms. Virgen Mejías what was needed to improve the branch's numbers. However, nothing was done to allow him to do his job adequately.

45. Since the Memorandum dated April 4, 2014, Plaintiff consistently improved Utuado's branch numbers. On May, the production numbers were up by $456;

on June the earnings went up by $51,690; and on July the numbers went up substantially up by $143,960. In July, 2014 the Utuado branch ranked number 22 out of 52 branches in terms of production results. The Utuado branch was having revenues while others were having losses like the Caparra branch (approximately $500,000 in losses).

46. Despite the fact that Plaintiff was improving, and that the six-month period to show improvement which was established in his performance memorandum had not passed, Santander opted for terminating Plaintiff's employment prior to the conclusion of such 6-month period.

47. Evidently, since Santander's intention was to discriminate against the Plaintiff because of his age, as soon as the Defendants noticed that he was complying with the instruction of improving the numbers (despite all the obstacles that were deliberately placed on his job), Defendants feared that by the end of the 6-month period the Plaintiff would be in full compliance, and opted for getting rid of him immediately.

48. Plaintiff was a victim of disparate treatment on the basis of his age, when compared with other branch managers with similar or even worst performances on the job, and who were not discharged or terminated.

49. In addition, despite the fact that there were other managers whose branches were not in compliance with Santander's business goals, targets and quotas at the time, Santander did not terminate the employment of any of such managers.

The clear and evident intention was to discriminate against the Plaintiff on the basis of his age.

50. Although the Plaintiff was getting better positive results without any kind of help from Santander, before the six-month deadline to improve the branch's results had passed, and after working for twenty eight (28) years at Island Finance, on August 8, 2014, Plaintiff was terminated from his employment without just cause and in a discriminatory fashion because of his age.

51. At the time of his employment termination, Plaintiff was 49 years old, and was more than qualified for the position which he held.

52. After Plaintiff's discriminatory and illegal employment termination following twenty eight (28) years of loyal and committed service, Santander replaced him with Ms. Marianela Matos who is a much younger employee.

53. The Defendants discriminated against Plaintiff because of his age with respect to his terms and conditions of employment.

54. In fact, the Defendants had adopted a pattern of hiring only young employees for all the managerial positions.

55. On one occasion, Ms. Jeanette Villamil, General Director, told to the managers during a meeting that was held at the Santander Tower in San Patricio that: "you have been seeing that we are bringing young people to work with us, we want young people that accept changes, that go ahead, and that are not afraid."

56. On another occasion, motivated by age-bias, Ms. Virgen Mejías told the Plaintiff that she couldn't wait for Ms. Lucy Torres to leave the Company ("estoy loca de que se retire y se vaya"); and she asked the Plaintiff "why doesn't that woman leave the Company?" (¿Por qué no se va ya?"). Ms. Lucy Torres is sixty one (61) years old.

57. The Plaintiff took those comments as age-biased directed at him.

## FIRST CAUSE OF ACTION
## AGE DISCRIMINATION
## ADEA- 29 U.S.C. § 623(a)(1)

58. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint as if fully set herein.

59. The effect of the unlawful employment practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

60. Defendants engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), by imposing discipline and then terminating Plaintiff from his job because of his age, then 49.

61. Defendants engaged in unlawful and willful employment practices and have discriminated against the Plaintiff on the basis of his age, created a hostile work environment for Plaintiff, and took adverse discriminatory employment actions against Plaintiff. Such unlawful employment practices were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

Case 3:15-cv-01521-JAG   Document 1   Filed 05/04/15   Page 15 of 20

15

*Antonio Santana Vargas v. Santander Financial Services, Inc.*
*Complaint and Jury Trial Demand*

---

62. As a result of such illegal conduct of the Defendants, Plaintiff was deprived of wages and benefits of employment, and has suffered, among others, severe mental anguish, pain, and suffering, loss of sleep, depression, anxiety, loss of self esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.

63. As a result of the violation of Plaintiff's rights under the above-mentioned statutes, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

### SECOND CAUSE OF ACTION
### AGE DISCRIMINATION
### UNDER PUERTO RICO LAW 100
### P.R. LAWS ANN. TIT. 29, § 146 *ET SEQ.*

64. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint as if fully set herein.

65. During the course of Plaintiff's employment with Defendants, they, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways because of his age in violation of Puerto Rico Law 100. Plaintiff is entitled to all remedies afforded by the applicable laws invoked herein, and as requested in the "Prayer for Relief" portion of this Complaint.

66. Therefore, the Defendants are liable for Plaintiff's damages as a result of their violation of the statutory provisions contained in Puerto Rico Law 100. The monetary value of such damages must be doubled as required by Puerto Rico Law 100.

67. As a result of Defendants' illegal conduct and practices, Plaintiff has suffered, among others, severe mental anguish, pain, and suffering, loss of sleep, depression, anxiety, loss of self esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.

### THIRD CAUSE OF ACTION
### WRONGFUL DISCHARGE
### UNDER PUERTO RICO LAW 80
### P.R. LAWS ANN. TIT. 29, § 185A *ET SEQ*.

68. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint as if fully set herein.

69. The discriminatorily employment termination of the Plaintiff by the Defendants constitutes a wrongful discharge under the provisions of Law 80.

70. The Plaintiff was terminated from employment without just cause, as defined by Puerto Rico Law 80 and its interpretative case law.

71. The Defendant's did not apply adequate progressive discipline to the Plaintiff and therefore, he was wrongfully discharged.

72. Therefore, the Plaintiff is entitled to the indemnity established in Law 80 for a wrongful employment termination or unjustified dismissal for which the Defendants are jointly liable.

### FOURTH CAUSE OF ACTION
### DAMAGES
### UNDER ARTICLES 1802 AND 1803

73. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint as if fully set herein.

74. Defendants' negligent and illegal conduct constituted the proximate cause of Plaintiff's damages and injuries.

75. The Defendants are jointly and vicariously liable for their acts and omissions, as well as for the acts of their employees or representatives, as they have caused Plaintiff's damages through their negligent and/or willful acts.

76. The Defendants are vicariously liable to the Plaintiff for all damages caused to him on account of their employees' acts as well as their personal acts of discrimination, among others, under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141 and 5142.  Plaintiff is entitled to all remedies afforded by the applicable laws, and as requested in the "Prayer for Relief" portion of this Complaint.

*Antonio Santana Vargas v. Santander Financial Services, Inc.*
*Complaint and Jury Trial Demand*

---

## FIFTH CAUSE OF ACTION
## CONSTITUTIONAL RIGHTS' VIOLATION
## UNDER THE CONSTITUTION OF PUERTO RICO

77. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in this Complaint as if fully set herein.

78. Defendants' conduct constitutes a violation of Plaintiff's constitutional right to protection against abusive attacks against his honor, his reputation, his dignity and his personal integrity on his job, as established by Sections 1, 8 and 16 of the Bill of Rights of the Constitution of Puerto Rico.

79. As a result of such illegal and unconstitutional conduct of the Defendants, Plaintiff has suffered, among others, severe mental anguish, pain, and suffering, loss of sleep, depression, anxiety, loss of self esteem, loss of appetite, physical, mental and moral compensatory damages, for which the Defendants are jointly liable.

80. As a result of the violation of Plaintiff's rights under the Constitution of Puerto Rico, the Defendants are liable for all damages caused to the Plaintiff as a result of their illegal actions and omissions. Plaintiff is entitled to all remedies afforded by the applicable laws and case law, and as requested in the "Prayer for Relief" portion of this Complaint.

## TRIAL BY JURY

81. In accordance with Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues raised in this civil action.

*Antonio Santana Vargas v. Santander Financial Services, Inc.*
*Complaint and Jury Trial Demand*

---

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays from this Honorable Court for the following relief:

A. Declaratory judgment against the Defendants for the statutory violations indicated above;

B. Compensatory damages, economic, mental, and emotional damages in an amount no less than $3,500,000;

C. Compensation for lost benefits, back pay, and front pay;

D. That Defendants reinstate Plaintiff into his former position with all concomitant wages and benefits and seniority;

E. Double damages pursuant to the applicable statutory penalties;

F. Punitive damages in an amount not less than $2,500,000 for the Defendants' willful and intentional statutory violations;

G. The indemnity under Puerto Rico Law 80 for Plaintiff's wrongful discharge;

H. Imposition of pre-judgment and post-judgment legal interests;

I. Litigation costs and reasonable attorney's fees;

J. Any other relief that this Court may deem just and proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 4th day of May, 2015.

20

*Antonio Santana Vargas v. Santander Financial Services, Inc.*
*Complaint and Jury Trial Demand*

---

WE HEREBY CERTIFY that on this same date a true and exact copy of this document will be filed before this Court using its Case Management / Electronic Case Filing System. Such system will automatically notify a copy of this motion to all parties in the case.



| | |
|---|---|
| P.O. Box 195343 | Citibank Towers, Suite 500 |
| San Juan, Puerto Rico | 252 Ponce de León Avenue |
| 00919-5343 | San Juan, Puerto Rico 00918 |

Tel. (787) 758-1400
Fax: (787) 758-1414
Cel. (787) 460-3456

www.laborcounsels.com
paula@laborcounsels.com
pico@laborcounsels.com

S/ CARLOS R. PAULA
Attorney for Plaintiff
USDCPR # 212009

S/ JAIME E. PICÓ-RODRÍGUEZ
Attorney for Plaintiff
USDCPR # 228113